[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This is an accelerated appeal from the Warren County Court of Common Pleas in which plaintiff-appellant, Scott W. Llewellyn, appeals the trial court's decision granting both the motion to dismiss of defendant-appellee, the Prosecuting Attorney of Warren County, and the motion for judgment on the pleadings of defendants-appellees, the Ohio Adult Parole Authority ("OAPA"), and the Ohio Department of Rehabilitation and Corrections ("ODRC") (collectively referred to as appellees), and dismissing appellant's complaint for declaratory judgment and injunctive relief.
In 1995, appellant was indicted on one count each of felonious assault, child endangering, and domestic violence. Pursuant to a plea agreement entered into on October 31, 1995, appellant pled guilty to one count of attempted child endangering with physical harm, and was sentenced to a prison term of two to ten years. Appellant was first denied parole in 1996. Following the OAPA's March 1, 1998 issuance of revised parole guidelines, appellant was again denied parole in 1998 and 2000.
On August 21, 2000, appellant filed a complaint for declaratory judgment and injunctive relief asking the trial court to require the OAPA to comply with appellant's plea agreement. Appellant claimed that because he pled guilty to attempted child endangering, pursuant to the OAPA's revised parole guidelines, the OAPA should have classified him as a Category 3 offender, the attempted child endangering category. Instead, appellant maintained that the OAPA incorrectly classified him as a Category 5 offender, the child endangering category, in violation of his plea agreement. By judgment entry filed October 26, 2000, the trial court dismissed appellant's complaint on the ground that appellant "failed * * * to plea [sic] promises from the county prosecutor beyond the plea arrangement memorialized by the ENTRY reflecting his sentence[.]".
In his first assignment of error, appellant argues the trial court erred by dismissing his complaint. In his second assignment of error, appellant argues the trial court erred by failing to find the OAPA was bound by appellant's plea agreement. Both assignments of error essentially challenge the trial court's failure to find that appellees breached the contractual obligations of appellant's 1995 plea agreement when the OAPA classified him as a Category 5, rather than a Category 3, offender. Appellant's assignments of error are both overruled on the basis of Houston v. Wilkinson (June 29, 2001), Allen App. No. 1-01-52, unreported, and Layne v. Ohio Adult Parole Authority (May 29, 2001), Marion App. No. 9-2001-06, unreported.[1] The judgment of the trial court is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
William W. Young, Presiding Judge, Anthony Valen, Judge, Stephen W. Powell, Judge.
[1] We note that the Third Appellate District has certified the Layne
decision to the Supreme Court of Ohio as being in conflict with the Second Appellate District's decision in Randolph v. Ohio Adult ParoleAuthority (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported.